# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| RUFUS LEE KING, JR., | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:14-cv-46 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No. 2:10-cr-4) |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court is Movant Rufus King's ("King") Supplemental Motion for a Certificate of Appealability. Dkt. No. 44. For the reasons and in the manner set forth below, the Court **DENIES** King's Motion.

### BACKGROUND

King pleaded guilty in this Court to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1] Plea Agreement, United States v. King, 2:10-cr-4

---

[1] Section 924(e) of Title 18 of the United States Code is the Armed Career Criminal Act, or the ACCA, and pertains to offenders who have been convicted under Section 922(g)(1). Under the ACCA, a defendant convicted under Section 922(g)(1) who also has three previous convictions for a "serious drug offense" and/or a "violent felony" faces a mandatory minimum of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). Without Section 924(e)'s enhancement, the maximum term of imprisonment for a violation of Section 922(g) is ten years in prison. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285

(S.D. Ga. Oct. 4, 2010), ECF No. 58, p. 1. As part of the factual basis of King's plea agreement, the Government listed the previous felonies for which King had been convicted: 1) two counts of obstruction of a police officer and interference with government property in Glynn County, Georgia; 2) obstruction of a police officer with violence and two counts of making terroristic threats, in Glynn County, Georgia; 3) obstruction of a police officer with violence, interference with government property, and making terroristic threats, in Glynn County, Georgia; 4) sale of cocaine, making terroristic threats, and obstruction of a law enforcement officer in Glynn County, Georgia; 5) possession of cocaine, in Camden County, Georgia; 6) attempted trafficking in cocaine in Brevard County, Florida; 7) trafficking in cocaine in Glynn County, Georgia; and 8) possession with intent to distribute cocaine, in the Southern District of Georgia (Case Number 2:99-cr-28). Id. at pp. 7-8. This Court sentenced King to a term of imprisonment of 180 months, to be served concurrently with the revoked term of supervised release in Case Number 2:99-cr-28. J., United States v. King, 2:10-cr-4 (S.D. Ga. July 8, 2011), ECF No. 73. King did not file a direct appeal.

---

(11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

On April 1, 2014, King filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. King did not dispute that his sales of cocaine and possession with intent to distribute crack cocaine convictions were qualifying felonies under the ACCA. Id. at p. 7. However, King asserted his Georgia convictions for obstruction of a law enforcement officer pursuant to O.C.G.A. § 16-10-24(b) are not violent felonies within the meaning of the ACCA so as to warrant his enhanced sentence. Id. After conducting an evidentiary hearing, this Court determined King filed his Section 2255 untimely. Dkt. Nos. 13, 22, 27. This Court also denied King's motion to alter or amend judgment by Order dated January 16, 2015. Dkt. No. 32. King then filed a Notice of Appeal, a Motion for Certificate of Appealability, and a Motion to Proceed in Forma Pauperis on Appeal. This Court denied King's Motion for Certificate of Appealability and Motion to Proceed in Forma Pauperis on March 24, 2015. Dkt. No. 40.

On August 13, 2015, King filed a Supplemental Motion for Certificate of Appealability with the Eleventh Circuit Court of Appeals. This Supplemental Motion was docketed in this Court on May 16, 2016, at the implicit direction of the Eleventh Circuit. Dkt. No. 44.

## DISCUSSION

### I. Standard of Review

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

AO 72A
(Rev. 8/82)

4

## II. King's Supplemental Arguments

King seeks to supplement his Certificate of Appealability based on the United States Supreme Court's decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). In <u>Johnson</u>, the Court explained that the ACCA:

> defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

___ U.S. at ___, 135 S. Ct. at 2555-56. The Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." <u>Id.</u>

In his supplemental Motion, King contends that his ACCA-enhanced sentence cannot stand in light of the <u>Johnson</u> decision. Kings also contends that <u>Johnson</u> overruled <u>United States v. Nix</u>, 628 F.3d 1341 (11th Cir. 2010), and <u>United States v. Hayes</u>, 409 F. App'x 277 (11th Cir. 2010). Dkt. No. 44, p. 2. According to

King, this Court sentenced him under the ACCA's residual clause based on his five predicate offenses which qualify as violent felonies under the ACCA. Id. In addition, King asserts his obstruction of law enforcement officer with violence convictions under O.C.G.A. § 16-10-24(b) are the only violent felonies in this case. Id.

## III. Analysis of King's Supplemental Arguments

The bases for King's Supplemental Motion are flawed for several reasons. First, even if Johnson overruled the Eleventh Circuit's decisions in Nix and Hayes, that overruling is inapposite here. Nix and Hayes concerned the defendants' convictions under Florida law, unlike King's Georgia convictions here. Secondly, King has not disputed that two of his drug convictions are predicate serious drug felonies under the ACCA. 18 U.S.C. § 924(e)(2)(A); Dkt. No. 1, p. 7; Sent'g Hr'g Tr., United States v. King, 2:10-cr-4 (S.D. Ga. Apr. 11, 2014), ECF No. 89, p. 24. Thus, this only leaves for discussion whether any one of King's five convictions under Georgia law for obstruction of law enforcement qualifies as a "violent felony" for ACCA purposes.

As King recognizes, his obstruction convictions were for violations of O.C.G.A. § 16-10-24(b). See Dkt. No. 44, p. 2. This Court noted during sentencing that, with at least two of King's previous obstruction convictions, King used violence

against law enforcement officers. Sent'g Hr'g Tr., United States v. King, 2:10-cr-4 (S.D. Ga. Apr. 11, 2014), ECF No. 89, pp. 25-30.[2] In addition and more importantly, the Eleventh Circuit has answered the question of whether O.C.G.A. § 16-10-24(b) convictions are violent felonies within the meaning of the ACCA in its post-Johnson decision in United States v. Brown, 805 F.3d 1325 (11th Cir. 2015).

In Brown, the Eleventh Circuit reviewed this Court's determination that the defendant was sentenced under the ACCA properly. This Court had credited two serious drug offenses and two felony obstruction convictions as qualifying felonies for enhanced sentencing purposes. Brown argued on appeal that his Georgia felony obstruction convictions were not violent felonies under the ACCA. 805 F.3d at 1326-27. The Eleventh Circuit quickly disposed of Brown's argument and found:

> The district court correctly determined that felony obstruction under Georgia law is categorically a violent felony for purposes of the ACCA's elements clause. A felony is a violent felony under the elements clause if it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'

---

[2] During the sentencing hearing, Assistant United States Attorney Jeff Buerstatte noted that King had a third drug conviction—possession of marijuana with intent to distribute in Glynn County—in case there was a question of whether King had sufficient predicate offenses under the ACCA. In response, the Court stated, "I do not think you need to [count the third drug conviction] because I think there are sufficient convictions." Sent'g Hr'g Tr., United States v. King, 2:10-cr-4 (S.D. Ga. Apr. 11, 2014), ECF No. 89, p. 29.

805 F.3d at 1327 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). The Eleventh Circuit further explained, "As used in the elements clause, "'the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person.'" Id. (quoting Johnson v. United States, 559 U.S. 133, 140 (2010)). Georgia's felony obstruction statute applies only to those who obstruct a law enforcement officer "by offering or doing violence" to the officer's person. O.C.G.A. § 16-10-24(b).

In Brown, the Eleventh Circuit cited its decision in United States v. Romo-Villalobos, 674 F.3d 1246, 1250 (11th Cir. 2012), and the Georgia Court of Appeals' decision in Jones v. State, 622 S.E.2d 425, 427 (Ga. Ct. App. 2005), and explained that, when these decisions are read together, they establish that the Georgia crime of felony obstruction of justice "categorically meets" the requirement of the elements clause of the ACCA. 805 F.3d at 1327-28. The Brown court concluded, "[i]t follows that the district court correctly treated the two Georgia convictions for felony obstruction of justice as predicate offenses for ACCA purposes." Id. at 1328.

At King's sentencing hearing, the Court inquired of the United States Probation Office of the bases of its recommendation that King had at least one violent felony conviction to trigger the ACCA sentence enhancement. Probation

Officer Marty Bragg stated he looked at the Shepard documents[3] regarding King's obstruction of an officer with violence convictions, the definition of a violent felony under the ACCA, and the Georgia statute under which King was charged. Sent'g Hr'g Tr., United States v. King, 2:10-cr-4 (S.D. Ga. Apr. 11, 2014), ECF No. 89, pp. 25-26. Officer Bragg distinguished between a misdemeanor and felony under O.C.G.A. § 16-10-24 and stated King pleaded guilty to the felony portion of this statute, O.C.G.A. § 16-10-24(b). Id. at p. 27. After hearing from the Assistant United States Attorney and King's attorney as to King's felony convictions for obstruction of an officer with violence under Georgia law, the Court determined King had "an ample number of convictions" to qualify for an enhanced sentence under the ACCA. Id. at p. 30.

Consequently, just like the defendant in Brown, the record unequivocally establishes that King's convictions under O.C.G.A. § 16-10-24(b) qualify as predicate violent felonies under the elements clause of the ACCA. This Court properly counted his convictions under the elements clause and not under that Act's residual clause. 18 U.S.C. § 924(e)(2)(B)(i). Thus, the

---

[3] "[A] later court determining the character of [a previous conviction] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). These types of documents are commonly referred to as "Shepard documents."

Supreme Court's recent <u>Johnson</u> decision, which the Court explicitly limited to the residual clause, offers King no relief.

## CONCLUSION

Given the record in this case, the Eleventh Circuit's disposition in the <u>Brown</u> decision, and the certificate of appealability standards laid out above, the Court discerns no issues worthy of a certificate of appeal. Therefore, the Court **DENIES** King's Supplemental Motion for a Certificate of Appealability.

SO ORDERED, this 24 day of May, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA